# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM K. BUNNER II,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1406**  (BOR Appeal No. 2047181)
                  (Claim No. 2006037134)

**QUALITY HYDRAULICS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William K. Bunner II, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Quality Hydraulics, Inc., by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 31, 2012, in which the Board affirmed an April 10, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 22, 2011, decision denying Mr. Bunner's request to reopen his claim on a temporary total disability benefits basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bunner worked as a truck driver for Quality Hydraulics, Inc. On April 25, 2006, Mr. Bunner injured his back when lifting the tongue of a trailer hitch to attach it to his truck. The claim was held compensable for lumbar sprain/strain. Mr. Bunner alleges that on May 31, 2011, he felt a pop in his back and a sudden onset of pain when getting out of his personal vehicle at work. The claims administrator denied Mr. Bunner's request to reopen his claim for temporary total disability benefits.

1

The Office of Judges affirmed the claims administrator's decision and held that Mr. Bunner suffered an independent intervening cause in the form of a subsequent injury on May 31, 2011, unrelated to the lumbar sprain for which the claim was held compensable. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Bunner disagrees and asserts that he is entitled to a reopening on a temporary total disability benefits basis based upon an aggravation or progression of his 2006 injury when he felt a pop while getting out of his vehicle on May 31, 2011. Mr. Bunner further asserts that he treated himself from April 25, 2006, until May 31, 2011, with rest, heat, ice, and over the counter medications. He argues that Karen L. Skidmore, D.O., has been actively treating him since June 1, 2011, and found he was unable to work until October 31, 2011, due to the compensable injury. Quality Hydraulics, Inc. maintains that Mr. Bunner failed to show he suffered an aggravation or progression of his compensable injury and had a gap of three years in treatment in regard to his lumbar strain.

The Office of Judges first looked to whether the May 31, 2011, injury was work-related. On May 31, 2011, Mr. Bunner injured his back while getting out of his own personal vehicle after arriving at work. The Office of Judges concluded that the May 31, 2011, injury was a completely new incident that could not be related to the back sprain of April 25, 2006. The Office of Judges further concluded that Mr. Bunner was not performing any activity unique to his work but was merely exiting his own vehicle.

The Office of Judges then looked to whether the event that caused an aggravation or progression of the compensable injury was a normal consequence that flowed from the injury or an independent intervening event. In *Wilson v. Workers' Compensation Commissioner*, if an initial injury arose out of and in the course of employment then every normal consequence that flows from the injury will have arose from the employment. 174 W.Va. 611, 328 S.E.2d 485 (1984). However, if the aggravation arose from an independent intervening cause not attributable to the claimant's customary activity then the aggravation will not be compensable. *Id*. Mr. Bunner suffered an initial injury of a lumbar sprain on April 25, 2006, that was held compensable. He returned to work on July 17, 2006, and was able to continue working until May 31, 2011, when he had a sudden onset of back pain. Mr. Bunner treated his condition with rest, heat, ice, and over the counter medications from April 25, 2006, until May 31, 2011, and did not require any further treatment until May 31, 2011. An MRI on June 19, 2011, showed three herniated discs that were not present on the MRI done on May 12, 2006. The Office of Judges held that Mr. Bunner suffered an independent intervening cause in the form of a subsequent injury on May 31, 2011, which is unrelated to the lumbar sprain for which the claim was held compensable. The Board of Review reached the same reasoned conclusions in its decision of October 31, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   July 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum